UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| YOLONDA TABOR, | ) | CASE NO. 1:16-cv-2971 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the objections of plaintiff Yolonda Tabor ("Tabor") (Doc. No. 19 ("Obj.")) to the Report and Recommendation of the magistrate judge (Doc. No. 18 ("R&R")) that the decision of defendant Commissioner of Social Security ("Commissioner") denying Taylor's application for disability insurance and supplemental security income benefits be affirmed. The Commissioner filed a response to Tabor's objection (Doc. No. 20 ("Resp.")), and the matter is ripe for decision. For the reasons that follow, Tabor's objections are overruled and the decision of the Commissioner denying Tabor's application for benefits is affirmed.

**A. Background**

On June 10, 2013, Tabor applied for disability insurance benefits ("DIB") and supplemental security income ("SSI"), with an amended disability onset date of March 9, 2013.[1] (R&R at 1451-52.[2]) Tabor was born in 1971 and was 43 years old when she filed her

---
[1] The procedural, personal, and medical background set forth by the magistrate judge in the R&R is not objected to by plaintiff, and is therefore adopted by the Court.

[2] All page number references are to the page identification numbers generated by the Court's docketing system.

applications. She completed the eleventh grade and obtained her GED. Tabor has past relevant work as a cashier at Marc's and Dunkin' Donuts, and as a bread slicer for a company that made garlic bread. (*Id.* at 1452.)

After Tabor's applications were denied initially and upon reconsideration, she requested an administrative hearing which was conducted on May 1, 2014. (*Id.*) Tabor (represented by counsel) and a vocational expert ("VE") testified at the hearing. (*See id*. at 1466 and 1471, citing the record.)

The administrative law judge ("ALJ") issued a decision on September 10, 2015. The ALJ found that Tabor had the following severe impairments: bipolar disorder, anxiety disorder, post-traumatic stress disorder, depressive disorder, degenerative joint disease of the left knee and bilateral hips, trigger fingers, swan neck deformity, bilateral carpal tunnel syndrome (status-post decompression), and obesity. (*Id*. at 1473-74, citing the record.) The ALJ determined that Tabor was precluded from performing past relevant work, but had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.976(b), with certain exceptions and limitations. (*Id*. at 1474, citing the record.)

Considering Tabor's age, education, work experience, residual functional capacity, and the VE's testimony, the ALJ concluded there were jobs in significant numbers in the national economy that Tabor could perform and, therefore, she was not under a disability as defined in the Social Security Act. (*Id*. at 1474.)

The Appeals Council declined review, thereby rendering the ALJ's decision the final decision of the Commissioner. Tabor brought this action on December 12, 2016, seeking judicial review of the Commissioner's adverse decision. (Doc. No. 1.) Before this Court, Tabor claims that the ALJ erred in evaluating: (1) her right hand impairments, and (2) the opinion evidence regarding her mental impairments. (R&R at 1475.) This case was referred to the magistrate judge for a report and recommendation.

### B. The Report and Recommendation

The magistrate judge only addressed the two aspects of the ALJ's decision challenged by the claimant, and this Court will do the same. (*See id*. at 1452 n.1.) Tabor's first claim regarding her right hand impairments has two components. First, Tabor argues that there is not substantial evidence to support the ALJ's finding that she has the residual functional capacity to perform light work, including the ability to lift and carry twenty pounds, and the ability to perform frequent handling, fingering, and feeling. Tabor also contends that the ALJ erroneously cited to two specific record citations as evidence of the functionality of her right hand. (*Id*. at 1475-76, citing the record.) The magistrate judge found that the ALJ's determination that Tabor had the residual functional capacity to perform light work was supported by substantial evidence, that Tabor did not show she cannot lift or carry with her right hand, and that the problems with her right middle finger do not automatically equate to an inability to use one's hand for lifting or carrying. (*Id*. at 1476, citing SSR 83-10, at *6.) The magistrate judge also found that the ALJ's citations to the record in support of those findings were not in error. (*Id*. at 1476-78.)

With respect to her second claim, Tabor argues that the ALJ erred in weighing the opinion of Amanda Bihari[3] ("Bihari"), assigning her opinion only partial and limited weight.[4] Specifically, the ALJ gave partial weight to Bihari's opinion regarding Tabor's ability to understand and remember instructions and interact with others because the record did not reflect a complete inability to relate to others, and the RFC assigned by the ALJ limits Tabor to occasional and superficial interactions with people. With respect to Bihari's opinion that Tabor would likely be absent from work more than four days a month, the ALJ afforded limited weight because there was no support in the record that Tabor cannot follow a routine or would be excessively absent given Tabor's treatment records and ability to regularly participate in a volunteer after-school program. (*Id.* at 1479-81, quoting and citing the record.) Upon review, the magistrate judge concluded that the ALJ's assessment of Bihari's opinion was accurate and constituted substantial support for her decision, and Tabor's disagreement with the ALJ's decision is not grounds for reversal. (*Id.* 1480-81.)

Finding that the Commissioner's determination that Tabor was not disabled was supported by substantial evidence, the magistrate judge recommended that the Commissioner's denial of benefits be affirmed.

**C. Standard of Review**

    **1.    The Commissioner's decision**

Under the Social Security Act, a disability renders the claimant unable to engage in substantial gainful activity because of a medically determinable physical or mental impairment

---

[3] Amanda Bihari was Tabor's case manager. (R&R at 1459.)

[4] Tabor's challenge pertains only to the second of two opinions issued by Bihari. (*See* R&R at 1479.)

that can result in death or that can last at least twelve months. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The impairment must prevent the claimant from doing the claimant's previous work, as well as any other work which exists in significant numbers in the region where the individual lives or in several regions of the country. 42 U.S.C. § 423(d)(2)(A). Consideration of disability claims follows a five-step review process. *See* 20 C.F.R. § 404.1520.

A district court's review of the Commissioner's decision to deny benefits is limited to determining whether the ALJ applied the correct legal standard and whether the findings are supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x. 516, 521 (6th Cir. 2008) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal citation omitted)). "An ALJ's failure to follow agency rules and regulations 'denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011) (quoting *Blakley v. Comm'r of Soc. Sec.,* 581 F.3d 399, 407 (6th Cir. 2009)).

If substantial evidence supports the Commissioner's finding that the claimant is not disabled, that finding must be affirmed even if the reviewing court would decide the matter differently. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted). Moreover, the Commissioner's decision must be affirmed even if substantial evidence also exists

in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

### 2. Objections to R&R

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party.") (citations omitted); *Orr v. Kelly*, No. 1:14-cv-2302, 2015 WL 5316216, at *2 (N.D. Ohio Sept. 11, 2015) (citing *Powell*, 1994 WL 532926, at *1); Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

## D. Analysis of Plaintiff's Objections to the R&R

### 1. The ALJ did not err by failing to properly consider mental health opinion evidence

With respect to Tabor's mental impairments, she contends that the R&R is in error because Tabor argued in her brief that the ALJ failed to consider the elements of Social Security

Ruling 06-03p ("SSR 06-03p") in evaluating the opinions of Maureen Sweeney[5] ("Sweeney") and Bihari, and the magistrate judge did not address this legal error. (Obj. at 1483-84.)

As an initial matter, Tabor does not object to the magistrate judge's finding that Sweeney's purported opinion excusing Tabor from work hours in order to obtain food stamps does not appear in the record and is not even presented as an opinion. Indeed, the only reference to the purported opinion is a cursory sentence in a treatment note dated December 2, 2013 referring to "paperwork." (R&R at 1478 ("[A]s Defendant points out (and which Tabor does not dispute in her reply brief), this alleged paperwork does not appear in the record and is not even presented as an opinion."); *see also* Tr. at 941 ("Filled out paper work for clt [sic] to be excused from work hours for food stamps[.]").) Regardless of whether the "paperwork" is an opinion, it cannot be considered by this Court on judicial review because it was not contained in the record. *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) ("As the Commissioner has pointed out, this court has repeatedly held that evidence submitted to the Appeals Council after the ALJ's decision cannot be considered part of the record for purposes of substantial evidence review.") (citation omitted). Nor does Tabor object to the magistrate judge's conclusion that Tabor did not challenge the ALJ's assessment of the first of Bihari's two opinions and, therefore, the magistrate judge needed only to consider Tabor's challenge to the ALJ's treatment of Bihari's second opinion. (*See* R&R at 1479.)

With respect to the focus of Tabor's objection—SSR 06-03p—the ALJ specifically stated that she considered opinion evidence in accordance with the requirements of SSR 06-03p, among other requirements. (Tr. at 181.) SSR 06-03p governs how opinions and evidence from sources

---

[5] Maureen Sweeney is a psychiatric nurse practitioner who evaluated Tabor. (R&R at 1458.)

who are not acceptable medical sources, such as Bihari, should be considered. *See Titles II & XVI:II & XVI: Considering Opinions & Other Evidence from Sources Who Are Not "Acceptable Med. Sources" in Disability Claims; Considering Decisions on Disability by Other Governmental & Nongovernmental Agencies*, SSR 06-03P (S.S.A. Aug. 9, 2006), 2006 WL 2329939. SSR 06-03p sets forth factors for considering and weighing non-medical source opinions, including the consistency of the opinion with other evidence, the degree to which the opinion includes relevant supporting evidence, how well the opinion is explained, and other factors that support or refute the opinion. *See* 2006 WL 2329939, at *4-5; *see also* 20 C.F.R. § 404.1527(f)(1) (citing (c)(1) through (c)(6) (The factors are examining relationship, treatment relationship (length, nature and extent), supportability, consistency, specialization, and other factors)).

The ALJ considered Bihari's March 11, 2015 statement regarding Tabor's limitations with respect to: (1) understanding and remembering instructions, decision making, and interacting with the public, supervisors, and coworkers (mild, moderate, and marked), and (2) responding appropriately to usual work situations and changes in a routine work setting (extreme). Bihari also opined that Tabor could not follow a routine and is likely to be excessively absent from work. (Tr. at 184, citing the record.) The ALJ gave little weight to Bihari's opinion regarding routine and absenteeism because her opinion was inconsistent with treatment records showing improvement with medication and the ability to regularly participate in an after-school volunteer program. The ALJ accorded partial weight to the balance of Bihari's opinion because the evidence in the record supported Tabor's inability to handle complex instructions and decisions, but did not support a complete inability to relate to others based upon her relationship

with her family, boyfriend, and medical providers. The ALJ concluded, therefore, that Tabor's social limitations were accommodated by a RFC limiting Tabor to occasional and superficial social interactions. (*Id.*) The ALJ's discussion of Bihari's opinion and reasons for the weight accorded are supported by citations to the record. (*See id.*)

Tabor's claim that the ALJ erred by failing to apply the elements of SSR 06-03p lacks merit. The ALJ specifically cited the SSR 06-03p as among the applicable laws considered, and then discussed how her consideration of the relevant elements did and did not support Bihari's opinion. Moreover, SSR 06-03p provides that, "[n]ot every factor for weighing opinion evidence will apply in every case[.] . . . Each case must be adjudicated on its own merits based on a consideration of the probative value of the opinions and a weighing of all of the evidence in that particular case." 2006 WL 2329939, at *5. That is exactly what the ALJ did here. The ALJ is not required to perform an exhaustive factor-by-factor analysis in order to fulfill her obligation to consider other source opinions pursuant to the SSR. *See Snyder v. Comm'r of Soc. Sec.*, No. 1:15-CV-137, 2016 WL 944905, at *10 (W.D. Mich. Mar. 14, 2016) (collecting cases); *Vanhoose v. Comm'r of Soc. Sec.*, No. 5:14 CV 708, 2015 WL 2453102, at *12 (N.D. Ohio May 22, 2015) (citation omitted). The weight accorded by the ALJ to Bihari's opinion is supported by substantial evidence in the record as a whole, and Tabor's disagreement is not grounds for reversing the ALJ's decision. *See Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 477 (6th Cir. 2003).

## 2. The magistrate judge did not err by repeating the ALJ's mistakes of fact regarding Tabor's right hand impairment

Regarding Tabor's right hand impairment, Tabor contends that the magistrate judge repeats the ALJ's mistakes of fact regarding two record citations concerning her right hand with

respect to reduced grip and pinch strength, and reduced range of motion of the middle finger and, as a result of this error, the ALJ's RFC finding is not supported.[6] In her objection, Tabor points out that the record reflects limitations with respect to her right middle finger and "limited grip due to pain" (Obj. at 1484-85, citing record), and her right hand lateral and three-point pinch tests measured lower than norms for her age (*Id*. at 1485). Tabor argues that these numbers show that the ALJ erred in finding that Tabor had use of her right hand within functional limits. (*Id*.) She contends that this evidence, read correctly, supports restrictions greater than found by the ALJ.[7]

The magistrate judge did not err in finding that the ALJ's citations to the record regarding Tabor's right hand impairments were accurate. The ALJ recognized that Tabor had "limited grip" in her right hand (Tr. at 183, citing the record), but notwithstanding, found that "physical examinations show functional range of motion in the upper extremities, and joint range of motion and strength within functional limits in both hands except for the right middle finger." (*Id*.) This finding by the ALJ is a direct quote from Tabor's occupational therapy progress notes: "If not noted, joint range of motion and strength within functional limits." (*Id*. at 1249.) The occupational therapist later notes that range of motion is "[w]ithin functional limits throughout

---

[6] Tabor does not object to the magistrate judge's finding that other aspects of the record provide substantial evidence for the ALJ's determination that Tabor could perform light work. (*See* R&R at 1475-78.)

[7] Tabor does not object to the R&R with respect to the magistrate judge's refusal to consider additional evidence identified in Tabor's reply brief that Tabor believes shows she can lift no more than ten pounds and only occasionally handle, finger, and feel with her right hand (R&R at 1477), or the magistrate judge's finding that: (1) Tabor does not show that she did not have the use of her right hand for lifting and carrying, and her attorney admitted that Tabor's carpal tunnel surgeries "largely worked," but the right middle finger remained problematic (*id*. at 1476); (2) right middle finger problems do not automatically equate to the inability to use one's entire hand for lifting or carrying (*id*., citing SSR 83-10 at *6); or that (3) it requires a great deal of hand and wrist strength to lift a skillet and strike someone, as Tabor claims to have done (*id*. at 1477 n.5).

bilateral upper extremities except right middle finger." (*Id*.) No such exception is noted by the occupational therapist regarding strength.

In considering Tabor's claim that the ALJ's reading of the record is inaccurate, the magistrate judge acknowledged (as did the ALJ) that the record shows reduced grip and pinch strength, but that the ALJ's statement regarding range of motion and strength within functional limits is not an inaccurate reading of the record. (R&R at 1477.) Indeed, it is a direct quote from the therapist's notes.

Tabor's argument, that the ALJ erred in finding Tabor's right hand strength was within functional limits because the pinch scores for her right hand are lower than age norms, appears to conflate two different concepts—"functional limits" and "normal limits." *See Wheaton v. Astrue*, No. 09-10447, 2009 WL 4043076, at *7 (E.D. Mich. Nov. 19, 2009) ("Plaintiff's language function, intelligibility, reading skills, writing skills, voice, behavior, and hearing were all 'within normal limits' or 'within functional limits.'") (quoting the record); *see also (Title Redacted by Agency)*, Bd. Vet. App. 1551163, 2015 WL 10003991, at *9 (Dec. 7, 2015) (In evaluating a claim for service connected impairment, the Board of Veterans' Appeals considered a "January 2002 VA Functional Capacity Evaluation Consult []noting range of motion and coordination within normal limits, grip strength below normal limits but within functional limits[.]"). In any event, it is not for this Court to try the case de novo or resolve conflicts in evidence. *Bass*, 499 F.3d at 509 (citation omitted); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson,* 471 F.2d 1265 (6th Cir. 1972)).

This Court's review is limited to determining whether substantial evidence, based on the record as a whole, supports the Commissioner's decision. If substantial evidence supports the

11

Commissioner's finding that the claimant is not disabled, that finding must be affirmed even if the reviewing court would decide the matter differently. *Cutlip*, 25 F.3d at 286 (citation omitted); *Felisky*, 35 F.3d at 1035 (citation omitted).

After conducting a de novo review of Tabor's specific objections to the R&R, the Court concludes that the magistrate judge did not err and that substantial evidence supports the ALJ's determination of Tabor's residual functional capacity and disability status. Accordingly, the Commissioner's decision to deny Tabor's application for DIB and SSI will be affirmed.

### E. Conclusion

For all of the foregoing reasons, the Court overrules Tabor's objections to the recommendation of the magistrate judge. Further, for the reasons contained herein and for the reasons contained in the R&R which the Court accepts and adopts, the Commissioner's decision denying Tabor's application for disability insurance and supplemental security income benefits is affirmed.

**IT IS SO ORDERED**.

Dated: March 19, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**